Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff Coach, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland Corporation.<br><br>Plaintiff,<br><br>vs.<br><br>YH FOREVER, INC., a California Corporation,<br><br>Defendants. | CASE NO. 09-771 R (CWx)<br><br>**ORDER RE FINAL JUDGMENT UPON CONSENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE**<br><br>**Honorable Manuel Real** |

Plaintiff Coach, Inc. ("Plaintiff" or "Coach") and Defendant YH Forever, Inc. ("Defendant") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby:

**ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Coach Services, Inc., Coach, Inc.'s wholly-owned subsidiary (hereinafter collectively "Coach"), is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Marks").

3.  Coach owns the "CC CC CC CC" Mark, which appears on Coach products in a repetitive manner varying in different sizes and colors ("CC Design"). Coach has used the CC Design in association with the sale of goods since as early as 2001 in connection with its "Signature" line of handbags and wallets. Registrations for the CC Design include but are not limited to U.S. Registration Nos. 2,626,565; 2,822,318, and 3,012,585.

4.  Plaintiff has alleged that Defendant's purchase and sale of products which infringe upon the CC Design constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law. Defendant has denied Plaintiff's claims as alleged.

5.  Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon the Coach Marks, including the CC Design, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the Coach Marks, or marks confusingly similar or substantially similar to the Coach Marks, and, specifically from:

   (a) Using the MW Mark in the manner depicted in **Exhibit 1** attached hereto or any other manner that is confusingly similar to Coach's CC Design;

   (b) Using the Coach Marks or any reproduction, counterfeit, copy or colorable imitation of the Coach Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach, or in any manner likely to cause others to believe that the Counterfeit Products are connected with Coach or Coach's genuine merchandise bearing the Coach Marks;

   (c) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Coach's genuine merchandise as and for Coach's genuine merchandise;

(d) Leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Infringing Products

(e) Committing any other acts calculated to cause purchasers to believe that Defendant's products are Coach's genuine merchandise unless they are such;

(f) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the Coach Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(g) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 4(a) to 4(e) above.

6. The execution of this Final Judgment shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

IT IS SO ORDERED.

DATED: Nov. 16, 2009

_____
Hon. Manuel Real
**United States District Judge**